UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARSHALL CHAMBERS (#340160)

VERSUS                                            CIVIL ACTION

BURL CAIN, ET AL                                  NUMBER 09-285-FJP-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 20, 2009.

                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARSHALL CHAMBERS (#340160)

VERSUS                                                    CIVIL ACTION

BURL CAIN, ET AL                                          NUMBER 09-285-FJP-SCR

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain and Trish Foster. Plaintiff alleged that the defendants rejected his administrative grievances challenging his continued classification to the Camp J Management Program in violation of constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989);

*Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes.  *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that he has been classified to the Camp J Management Program since June 25, 2003.  Plaintiff alleged that the defendants rejected several requests for administrative review regarding his placement and continued confinement in the Camp J Management Program on the grounds that the administrative grievance procedure does not permit review of the decisions of lockdown review boards through the grievance procedure.

The Administrative Remedy Procedure does not itself establish any federal right.  It is a mechanism for resolving disputes at the institutional level.  Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending.  *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910,

166 L.Ed.2d 798 (2007).  A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions.  *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004).

Plaintiff does not have a constitutional right to obtain review of grievances which are specifically precluded from the prison's administrative grievance process.

Plaintiff also alleged that he has been classified to the Camp J Management Program in contravention of consent decrees entered in *Williams v. McKeithen,* CV 71-98 (M.D. La.) and *Richard Mahogany Jr. v. Richard Stalder,* 242 Fed.Appx. 261 (5th Cir. 2007).

Even for prisoners there is an important difference between constitutional rights and remedies enforcing those rights.  *Green v. McKaskle*, 788 F.2d 1116, 1123 (5th Cir.1986), *citing Chelentis v. Lukenbach S.S. Co.*, 247 U.S. 372, 384, 38 S.Ct. 501, 504 (1918).  Although remedial decrees are the means by which unconstitutional conditions are corrected, they do not create or enlarge constitutional rights.  *Green, supra*, at 1123.  Nor do judicial decrees create rights secured by the laws within the meaning of § 1983.  *Id*.  Therefore, a remedial court order, standing alone, does not serve as a basis for § 1983 liability.  *Id.*, at 1124; *accord Galloway v. State of Louisiana*, 817 F.2d 1154 (5th Cir. 1987).

Plaintiff's claim that his classification to the Camp J Management Program is in contravention of the *Williams v. McKeithen* and *Richard Mahogany, Jr. v. Richard Stalder* consent decrees is

frivolous as a matter of law.

Plaintiff named Warden Cain and Trish Foster as defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

Plaintiff did not allege that either Warden Cain or Foster participated in the plaintiff's initial classification to the Camp J Management Program or that they sat on any lockdown review board which subsequently refused to release the plaintiff from Camp J.[1]

Because it is clear that the plaintiff's claims against the defendants have no arguable basis in fact or in law the claims against the current defendants should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C.

---

[1] It is unnecessary to determine whether the failure to provide the plaintiff with a written statement of the evidence relied on to initially transfer the plaintiff to or retain him in the Camp J Management Program is a due process violation. Any denial of due process claim based on the plaintiff's initial transfer to the Camp J Management Program in 2003, and any such claim based on a lockdown review board decision made before May 11, 2008 (one year before this complaint was filed) is prescribed.

§1915(e)(2)(B)(i).

Baton Rouge, Louisiana, May 20, 2009.

                                                STEPHEN C. RIEDLINGER
                                                UNITED STATES MAGISTRATE JUDGE

5